## Lafferty's Estate.

*Trusts and trustees — Removal — Failure to sell real estate on rising market—Exercise of power by survivor of joint trustees.*

1. Where the will provides that there shall always be a specified number of trustees, a testamentary power to sell real estate cannot be exercised by surviving trustees when one or more of the specified number have died and substituted trustees have not been appointed.

2. The beneficiaries of a trust estate prayed for the removal of surviving testamentary trustees on the ground, *inter alia*, that they had failed to avail themselves of the unusual opportunities to sell the real estate, much of which consisted of small houses, during the period of high prices following the World War, and that had they exercised due diligence they could have disposed of much of it at a good profit, and, by reinvesting the proceeds, could have obtained a large increase in income. The will provided that there should always be three trustees; during the period of inaction complained of there had been but two, owing to the death of the third and the failure to appoint a successor. One of the survivors died. The matter was referred to a master, who recommended that the sole surviving trustee be discharged. After the appointment of substituted trustees the real estate in question was sold and settlement effected. There was no charge of moral turpitude; the ground of complaint was merely the failure of the trustees to exercise sound business judgment. On exceptions to the master's report: *Held*, that under the clause of the will which provided that there should always be three trustees, the surviving trustees were without power to sell the real estate, hence, their failure to make a sale was no ground for their removal; that as the court had appointed capable substituted trustees, there was no reason to assume that the removal of the surviving trustee was necessary to the preservation of the estate; and, hence, the application was refused, although leave was granted to make further application for the removal of the trustee if circumstances in the future should so justify.

Exceptions to master's report. O. C. Phila. Co., Oct. T., 1886, No. 587.

*Walter Willard* and *Eli Kirk Price*, for exceptions.

*C. Brewster Rhoads* and *Owen J. Roberts*, contra.

THOMPSON, J., June 27, 1924.—On Jan. 21, 1921, certain of those presently entitled to the income of the trust estate of Charles Lafferty, deceased, presented their petition to this court, praying for the removal of Charles H. Lafferty and Rose E. Lafferty, surviving trustees under the will of Charles Lafferty, deceased, for the reasons as stated by the master, hereinafter referred to on page 6 of his report, to wit:

"It was alleged that the income from rented properties was much less than it should have been, because the rentals of the majority of the houses owned by the estate had been kept at a lower figure than could have been procured from them by the exercise of proper diligence.

"The second complaint was, that during the last three or four years unusual opportunities existed to dispose of real estate, especially of that class held by these trustees; that the market was very active; and that if the trustees had given proper attention to their opportunities in this connection, they could have disposed of much of the real estate at a good profit, and the proceeds when reinvested would have resulted in a large increase in income."

Upon answer by the respondents and replication filed, Thomas Raeburn White was, on May 21, 1921, appointed master, to take testimony and return the same with his report to the court, and on June 18, 1921, a similar order was made with regard to the petition of the respondents for the appointment of Henry C. Loughlin, Esq., as a substituted co-trustee, in place of John M. Campbell, who died Dec. 25, 1920. Rose E. Lafferty, one of the respondents, died Nov. 3, 1922. Mr. White filed his report Jan. 16, 1923, and a supple-

mental report on Feb. 13, 1923, together with his findings of fact and law and conclusion, as follows: "The master, therefore, concludes that the interests of this estate are likely to be jeopardized by the continuance in office of Charles H. Lafferty, and recommends that he be discharged from the duties of his office as trustee."

Exceptions were filed by the respondents to the reports of the master, and the same were placed on the argument list, and argument had thereon before the court *in banc*, upon the conclusion of which it was suggested to counsel for those desiring the removal of Charles H. Lafferty that their principal ground for removal, to wit, the refusal of the said Charles H. Lafferty and Rose E. Lafferty to sell certain real estate belonging to the estate was untenable, for the simple reason that they had no such power, the will of the testator providing that there shall always be three trustees thereunder, and by the death of Mr. Campbell, their co-trustee, the remaining trustees could not act, in so far as making the sale of the real estate was concerned at least, until a successor to Mr. Campbell was appointed, and on April 24, 1923, Thomas Shallcross, Jr., and the Fidelity Trust Company were appointed co-trustees with Charles H. Lafferty under the will of the testator, no recommendation having been made by the master on the application for the appointment of Henry C. Loughlin, he having declined to allow his name to be used for purposes of appointment, after which Mr. Lafferty and the newly-appointed trustees decided it was for the best interests of the estate that nearly all of the real estate belonging to the estate be sold, and they thereupon, on June 7, 1923, entered into a contract to sell the same (totaling 198 separate pieces) to Samuel T. Hall and Richard J. Seltzer, for the aggregate sum of $1,100,000, which sale has been consummated and settlement made therefor.

In an adjudication of the accounts of the trustees, comprising items of debit and credit to Dec. 31, 1923, this day filed, Charles H. Lafferty has been surcharged with the sum of $20,420.82, and the estate of Rose E. Lafferty surcharged with the sum of $13,718.33, representing the difference between the sum of the rents actually received and those they should have received.

It will thus be seen that the reasons stated in the application to remove Charles H. Lafferty and Rose E. Lafferty no longer exist, and we are reluctant, under the changed circumstances as above set forth, to adopt the recommendation of the master that Mr. Lafferty be dismissed from his office as one of the trustees under his father's will. It should be noted that in the application for his removal no charge of moral turpitude is involved, the question being purely one of business judgment and policy. Since the death of Mr. Campbell in 1920, Mr. Lafferty had only the assistance of his sister, Rose E. Lafferty, who had been blind for many years. Now that he has the benefit of the advice and business judgment of his co-trustees, Fidelity Trust Company and Thomas Shallcross, Jr., the business of the estate is being conducted harmoniously and with expedition and dispatch. Mr. Lafferty is over eighty-five years of age, and was personally selected by the testator, who was his father, as one of the trustees, and should not be removed unless the best interests of the estate should so require. By surcharging Mr. Lafferty and his sister with the rents they ought to have received and did not, and as Mr. Lafferty has joined with his co-trustees in making sale of nearly all the real estate belonging to said estate, those who petitioned for his removal have accomplished all they set out to do. We will not at the present time adopt the conclusions of law by the master on page 21, to wit: "The master, therefore, concludes that the interests of this estate are likely to be jeopardized by the con-

4 D. & C.

tinuance in office of Charles H. Lafferty, and recommends that he be discharged from the duties of his office as trustee," and will leave the question as to the removal of Mr. Lafferty open, with leave to the petitioner to make further application to this court for his removal if circumstances in the future should so justify.

For the reasons above given, the findings of fact by the master are approved and his recommendation modified.

All exceptions filed to the report of the master are dismissed, his findings of fact are approved, and his findings and conclusions of law are approved, except as modified by the views herein expressed, and the prayer for the removal of the trustee is refused for the reasons herein given.

GEST, J., did not sit.